(No. 2285—

Rudolph Sincula, Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed February 12, 1936.*

Daniel D. Glasser, for claimant.

Otto Kerner, Attorney General; John Kasserman, Assistant Attorney General, for respondent.

Mr. Justice Yantis delivered the opinion of the court:

Plaintiff filed his claim herein on December 7, 1933 for an award of One Hundred Fifty Dollars ($150.00) alleging that on August 3, 1933 while engaged as a private in the Illinois National Guard in the performance of his duty at Camp Grant he received an injury to his knee resulting in incapacity from doing any work for a period of seven (7) weeks and causing him to incur various items of expense including railroad fare to and from Ft. Sheridan, Illinois. On April 5, 1934 a stipulation of fact was filed where it was agreed that claimant on August 3, 1933 was a private in Company L, 132nd Infantry; that on that date he fell from a truck going to the

rifle range at Camp Grant, thereby suffering an injury to his knee while in the line of duty; that he is entitled to the minimum allowance under the Workmen's Compensation Act of Seven and 50/100 Dollars ($7.50) per week for seven (7) weeks and an additional sum of Seven and 50/100 Dollars ($7.50) to cover expense incurred in curing himself of the injuries suffered.

The statement of facts cannot bind the court, as the question of what, if any, award is due must be determined by an explanation of the whole record and the facts therein disclosed.

It appears from the record that claimant was at the time of his injury engaged in the performance of his duties as a member of the Illinois National Guard, and the court therefore holds that whatever right to an award exists in his favor is by virtue of the provisions of the Military and Naval Code of Illinois and not under the terms of the Workmen's Compensation Act. It further appears that enlisted men of the National Guard shall receive per day, etc. the sum of Four Dollars ($4.00) per day and under Section 10, Article 16, Chap. 129, Ill. Revised Statute, an enlisted man who may be disabled while on duty and lawfully performing the same so as to prevent his working at his profession, trade or other occupation from which he gains his living is entitled to draw one-half his active service pay for not to exceed thirty (30) days. The provisions for payment for the longer disability are not applicable, for it appears that while claimant was injured on August 3, 1933 and was immediately given hospital care, his pay as a soldier in training was to include August 12th. At the close of the period of field training in Rockford hospitalization was authorized for him at Fort Sheridan from which he was discharged on August 30, 1933 as "cured." The records further show that transportation from Chicago to Fort Sheridan was authorized for him, but he chose to go immediately rather than wait for same, and was at that time informed that if he did so it would be at his own expense and that he would not be reimbursed for such railroad fare, to which he then agreed. From an examination of the entire record it appears that claimant is entitled to compensation from the time his pay ceased on August 12, 1933 to the end of his disability, i. e. August 30, 1933, or a period of 18 days. Under the Military Code he would therefore be entitled

to one-half active service pay or Two Dollars ($2.00) per day, which for the eighteen (18) days, would be Thirty Six Dollars ($36.00). An award it therefore hereby entered in favor of claimant in the sum of Thirty Six Dollars ($36.00).